Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
                paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF MYRA L. MICALIZIO,
LISA RUTLEDGE, SEAN MCKELVIE,
and HALI MCKELVIE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action involves the death of MYRA L. MICALIZIO, who was shot and killed by law enforcement officers CHARLES W. LAIR and MARY BARKER, employed by the COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, and Sheriff KORY L. HONEA.

## JURISDICTION & VENUE

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Micalizio v. County of Butte*, United States District Court, Eastern District of California, Case No. _____

1    claims under 28 U.S.C. § 1367.

2        2.    Venue is proper in the United State District Court for the Eastern District of California

3    pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

4    because many of the acts and/or omissions described herein occurred in the Eastern District of California.

5        3.    Intradistrict venue is proper in the Fresno Division of the Eastern District of California

6    pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions

7    which occurred in the County of Butte, California.

8    **EXHAUSTION**

9        4.    ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and

10   HALI MCKELVIE filed a government claim with the COUNTY OF BUTTE and BUTTE COUNTY

11   SHERIFF'S OFFICE regarding the claims asserted herein on May 31, 2018. The government claim was

12   denied on July 12, 2018.

13   **PARTIES**

14       5.    Plaintiff ESTATE OF MYRA L. MICALIZIO ("MYRA L. MICALIZIO"), the decedent,

15   brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiffs LISA RUTLEDGE, SEAN

16   MCKELVIE, and HALI MCKELVIE bring this action on behalf of Plaintiff ESTATE OF MYRA L.

17   MICALIZIO, as the successors-in-interest. Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI

18   MCKELVIE's declaration regarding their status as MYRA L. MICALIZIO's successor-in-interest,

19   pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

20       6.    Plaintiff LISA RUTLEDGE is a resident of the State of Michigan. Plaintiff LISA

21   RUTLEDGE brings this action (a) on behalf of Plaintiff ESTATE OF MYRA L. MICALIZIO, in her

22   representative capacity as successor-in-interest; and (b) on behalf of herself, in her individual capacity.

23   Prior to her death, MYRA L. MICALIZIO shared a close relationship and special bond with her

24   daughter, Plaintiff LISA RUTLEDGE, and their relationship presupposed deep attachments,

25   commitments, and distinctively personal aspects of their lives.

26       7.    Plaintiff SEAN MCKELVIE is a resident of the State of Michigan. Plaintiff SEAN

27   MCKELVIE brings this action (a) on behalf of Plaintiff ESTATE OF MYRA L. MICALIZIO, in his

28   representative capacity as successor-in-interest; and (b) on behalf of himself, in his individual capacity.

Prior to her death, MYRA L. MICALIZIO shared a close relationship and special bond with her son, Plaintiff SEAN MCKELVIE, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

8.     Plaintiff HALI MCKELVIE is a resident of the State of Michigan. Plaintiff HALI MCKELVIE brings this action (a) on behalf of Plaintiff ESTATE OF MYRA L. MICALIZIO, in her representative capacity as successor-in-interest; and (b) on behalf of herself, in her individual capacity. Prior to her death, MYRA L. MICALIZIO shared a close relationship and special bond with her daughter, Plaintiff HALI MCKELVIE, and their relationship presupposed deep attachments, commitments, and distinctively personal aspects of their lives.

9.     Defendant COUNTY OF BUTTE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10.     Defendant BUTTE COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

11.     Defendant KORY L. HONEA is, and at all times material herein was, a law enforcement officer and the Sheriff of Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE, acting within the scope of that employment and under color of state law. Defendant KORY L. HONEA is sued in his individual capacity.

12.     Defendant CHARLES W. LAIR is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE, acting within the scope of that employment and under color of state law. Defendant CHARLES W. LAIR is sued in his individual capacity.

13.     Defendant MARY BARKER is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE, acting within the scope of that employment and under color of state law. Defendant MARY BARKER is sued in her individual capacity.

14.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF BUTTE and/or BUTTE COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 20 are

3

1  not now known and, as a result, they are sued by their fictitious names and true and correct names will be

2  substituted when ascertained.

3  **GENERAL ALLEGATIONS**

4  15.    The following allegations contained in paragraphs 16 through 37 are made on information

5  and belief.

6  16.    At all times relevant herein, all wrongful acts described were performed under color of

7  state law and/or in concert with or on behalf of those acting under the color of state law.

8  17.    On April 26, 2018, MYRA L. MICALIZIO was present at a residence in the 2100 block

9  of Stanley Drive in Palermo, California.

10  18.    MYRA L. MICALIZIO was experiencing obvious symptoms of mental illness on April

11  26; she was delusional, depressed, and experiencing hallucinations as she conversed with her "imaginary

12  friends" or "air friends" as she called them.  She had experienced these and other symptoms of mental

13  illness for at least the last five years.

14  19.    MYRA L. MICALIZIO asked the residents about a yard sale.

15  20.    The residents allegedly became concerned because there was no yard sale being

16  conducted at their residence.

17  21.    The residents allegedly asked MYRA L. MICALIZIO to leave.

18  22.    The residents called 9-1-1 and reported MYRA L. MICALIZIO's presence at their home.

19  23.    Defendants CHARLES W. LAIR and MARY BARKER arrived at the scene and observed

20  MYRA L. MICALIZIO in the front yard of the residence and her vehicle parked in the residence's

21  driveway.

22  24.    Defendants CHARLES W. LAIR and MARY BARKER approached MYRA L.

23  MICALIZIO.

24  25.    Defendant CHARLES W. LAIR commanded MYRA L. MICALIZIO to "Stop" and to

25  show her hands.

26  26.    MYRA L. MICALIZIO was non-responsive to Defendant CHARLES W. LAIR's

27  commands.

28  27.    It would have been apparent to any law enforcement officer adequately trained to contact

4

and communicate with persons suffering from mental-illness that MYRA L. MICALIZIO was experiencing symptoms of mental-illness, as opposed to engaging in criminal conduct.

28.    Because Defendants CHARLES W. LAIR and MARY BARKER were inadequately trained to contact and communicate with persons suffering from mental-illness, such as MYRA L. MICALIZIO, Defendants CHARLES W. LAIR and MARY BARKER allegedly misperceived MYRA L. MICALIZIO's conduct as threatening or dangerous.

29.    MYRA L. MICALIZIO walked to her vehicle and got in the driver's seat.

30.    MYRA L. MICALIZIO started the vehicle's engine and put the vehicle into reverse gear.

31.    MYRA L. MICALIZIO reversed the vehicle backwards.

32.    Defendants CHARLES W. LAIR and MARY BARKER fired their weapons into the vehicle at MYRA L. MICALIZIO.

33.    Defendant CHARLES W. LAIR fired seven shots. Defendant MARY BARKER fired six shots.

34.    MYRA L. MICALIZIO was shot several times, killing her.

35.    Approximately 15 to 20 second elapsed between the times that Defendants CHARLES W. LAIR and MARY BARKER arrived at the scene and when they shot and killed MYRA L. MICALIZIO.

36.    Defendants CHARLES W. LAIR and MARY BARKER fired their weapons with such reckless abandon that a stray bullet hit the occupied residence in front of which they shot MYRA L. MICALIZIO. The bullet entered one of the residence's bedrooms of the property-owner's son, pierced a dresser at one end and exited out the other end.

37.    Defendants CHARLES W. LAIR and MARY BARKER were equipped with body-camera. In violation of mandatory policy, Defendants CHARLES W. LAIR and MARY BARKER did not activate the cameras at any time during the incident.

## MUNICIPAL & SUPERVISORY LIABILITY ALLEGATIONS

38.    Defendant KORY L. HONEA, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Const. art. XI, § 1(b).

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Micalizio v. County of Butte*, United States District Court, Eastern District of California, Case No. _____

39.     Defendants DOE 1 to 20 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

40.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, knew or should have known that subordinate law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted and/or contact with persons suffering from mental illness.

41.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including numerous shooting incidents involving law enforcement officers employed by Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE. *See* <https://www.newsreview.com/chico/tragic-history/content?oid=24357372> (June 2017 article documenting "citizens killed by Butte County-based law enforcement agents in the past 20 years," identifying 26 fatal incidents, 16 of which involved persons with mental illness histories, and 11 of which involved officers employed by Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE); *see also Parkison v. Butte County Sheriff's Dep't*, E.D. Cal. Case No. 2:09-cv-02257-MCE-DAD (settlement of claims alleging that an officer shot a disabled prisoner in the back of the head at point-blank range with a gun loaded with pepper balls).

42.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 failed adequately to train their subordinates, including Defendants CHARLES W. LAIR and MARY BARKER, to understand, assess, and respond, without lethal force, to the types of irrational and non-compliant behavior which is typically exhibited by mentally ill persons in their interactions with law enforcement, such as MYRA L. MICALIZIO. Adequate and proper training, which is widely available and implemented throughout the nation, prepares officers to understand and

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Micalizio v. County of Butte*, United States District Court, Eastern District of California, Case No. _____

accommodate the apparent irrationality of mentally ill persons, bringing about their compliance and rendering the use of lethal force unnecessary; equips officers to evaluate the level of threat posed by mentally ill persons who are irrational and non-compliant, and to recognize when there is no threat, thereby making resort to deadly force unnecessary; mandates the use of specialized techniques which modify the irrational and non-compliant behavior of mentally ill persons; mandates calling for back-up when faced with irrational and non-compliant conduct of mentally ill persons. The types of specific conduct and accommodations that this training provides includes:

a. maintaining physical distance from mentally ill persons (termed "comfort zones" or "boundaries"), which typically modifies the behavior of mentally ill persons, without resort to force;

b. engaging in non-threatening communications with mentally ill persons, which typically modifies the behavior of mentally ill persons such that they become more rational and compliant, without resort to force;

c. managing the contact with mentally ill persons by deliberately pulling back, and allowing the person more time to respond, which typically modifies the behavior of mentally ill persons, such that they become more rational and compliant, without resort to force; and/or

d. calling and consulting for advice or bringing to the scene persons trained in crisis intervention or others trained in how appropriately to deal with mentally ill persons, without resort to force.

43.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of persons' rights.

44.     On information and belief, additional evidence and information related to Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20's policies, customs, or practices will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or

7

practices prior to discovery is necessarily limited, Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

45.     The First Claim is asserted by Plaintiff ESTATE OF MYRA L. MICALIZIO against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

46.     Plaintiff ESTATE OF MYRA L. MICALIZIO realleges and incorporates the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

47.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

48.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of MYRA L. MICALIZIO's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

49.     Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to MYRA L. MICALIZIO's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

8

50.     As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, and punitive damages against Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF MYRA L. MICALIZIO prays for relief as hereunder appears.

## SECOND CLAIM

### Americans With Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

51.     The Second Claim is asserted by Plaintiff ESTATE OF MYRA L. MICALIZIO against Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE.

52.     Plaintiff ESTATE OF MYRA L. MICALIZIO realleges and incorporates the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

53.     Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are public entities, within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. MYRA L. MICALIZIO had a disability within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, and was "a qualified individual with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104 where she suffered from a mental impairment that substantially limited major life activities, as demonstrated by her record that she had hallucinations, communicated with imaginary friends ("air friends" and was depressed.

54.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, misperceiving the effects of her disability as illegal conduct, in violation of her rights secured by the Americans with Disabilities Act.

55.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the

9

performance of their official duties as law enforcement officers, failed to provide a reasonable accommodation to MYRA L. MICALIZIO's disability, where it was feasible to do so, by using excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Americans with Disabilities Act. For example, reasonable accommodation, under the circumstances, could have included Defendants CHARLES W. LAIR and MARY BARKER's: (i) maintaining physical distance ("comfort zones" or "boundaries") from MYRA L. MICALIZIO; (ii) engaging in non-threatening communications with MYRA L. MICALIZIO; (iii) managing the contact with MYRA L. MICALIZIO by deliberately pulling back or waiting until MYRA L. MICALIZIO was responsive and not suffering from delusions; and/or (iv) calling and consulting for advice or bringing to the scene persons trained in crisis intervention or others trained in how appropriately to deal with mentally ill persons, before confronting MYRA L. MICALIZIO.

56.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning contact with persons suffering from mental illness, resulting in the violation of MYRA L. MICALIZIO's rights secured by the Americans with Disabilities Act.

57.     As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF MYRA L. MICALIZIO prays for relief as hereunder appears.

**THIRD CLAIM**

**Right of Familial Association, Companionship, and Society**

**(Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

58.     The Third Claim is asserted by Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE against Defendants CHARLES W. LAIR and MARY BARKER.

59.     Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE reallege and incorporate the allegations of the preceding paragraphs 1 to 37, to the extent relevant, as if fully set forth in this Claim.

60.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE's constitutionally-protected right of familial association, companionship, and society with their mother, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution.

61.     Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE's rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

62.     As a direct and proximate result of Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE suffered injuries entitling them to receive compensatory and punitive damages against Defendants CHARLES W. LAIR and MARY BARKER.

WHEREFORE, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE pray for relief as hereunder appears.

## FOURTH CLAIM

### Right of Association, Companionship, and Society

### (First and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)

63.     The Fourth Claim is asserted by Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE against Defendants CHARLES W. LAIR and MARY BARKER.

64.     Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE reallege and incorporate the allegations of the preceding paragraphs 1 to 37, to the extent relevant, as if fully set forth in this Claim.

65.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, thereby depriving and interfering with Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE's constitutionally-protected right of association, companionship, and society with their mother, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution.

66.     Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE's rights secured by the First and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

67.     As a direct and proximate result of Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE suffered injuries entitling them to receive compensatory and punitive damages against Defendants CHARLES W. LAIR and MARY BARKER.

WHEREFORE, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE pray for relief as hereunder appears.

## FIFTH CLAIM

### Unreasonable Force

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

68.     The Fifth Claim is asserted by Plaintiff ESTATE OF MYRA L. MICALIZIO against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

69.     Plaintiff ESTATE OF MYRA L. MICALIZIO realleges and incorporates the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

70.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by art. I, § 13 of the California Constitution.

71.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of MYRA L. MICALIZIO's rights secured by art. I, § 13 of the California Constitution.

72.     Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

73.     Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to MYRA L. MICALIZIO.

74.     As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's

13

actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, and punitive damages against Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF MYRA L. MICALIZIO prays for relief as hereunder appears.

## SIXTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

75.     The Sixth Claim is asserted by Plaintiffs ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

76.     Plaintiffs ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE reallege and incorporate the allegations of the preceding paragraphs 1 to 74, to the extent relevant, as if fully set forth in this Claim.

### Unreasonable Force

77.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

78.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, intentionally and/or with reckless or deliberate indifference knew or should have known that law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant

14

to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted and/or contact with persons suffering from mental illness, resulting in the violation of MYRA L. MICALIZIO's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution.

79.    Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

80.    Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to MYRA L. MICALIZIO.

81.    As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries entitling it to receive compensatory damages and statutory penalties against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, and punitive damages against Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

Americans With Disabilities Act

82.    Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference used excessive and unreasonable force against MYRA L. MICALIZIO, misperceiving the effects of her disability as illegal conduct, in violation of her rights secured by the Americans with Disabilities Act.

83.    Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally and/or with reckless or deliberate indifference failed to provide a reasonable accommodation to MYRA L. MICALIZIO's disability, where it was feasible to do so, by using excessive and unreasonable force against MYRA L.

15

MICALIZIO, in violation of her rights secured by the Americans with Disabilities Act. For example, reasonable accommodation, under the circumstances, could have included Defendants CHARLES W. LAIR and MARY BARKER's: (i) maintaining physical distance ("comfort zones" or "boundaries") from MYRA L. MICALIZIO; (ii) engaging in non-threatening communications with MYRA L. MICALIZIO; (iii) managing the contact with MYRA L. MICALIZIO by deliberately pulling back or waiting until MYRA L. MICALIZIO was responsive and not suffering from delusions; and/or (iv) calling and consulting for advice or bringing to the scene persons trained in crisis intervention or others trained in how appropriately to deal with mentally ill persons, before confronting MYRA L. MICALIZIO.

84.     Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20, acting under color of state law and as policy-making authorities, intentionally and/or with reckless or deliberate indifference knew or should have known that law enforcement officers under their command, including Defendants CHARLES W. LAIR and MARY BARKER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning contact with persons suffering from mental illness, resulting in the violation of MYRA L. MICALIZIO's rights secured by the Americans with Disabilities Act.

85.     Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

86.     Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to MYRA L. MICALIZIO.

87.     As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries entitling it to receive compensatory damages and statutory penalties against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER,

and DOE 1 to 20 and punitive damages against KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

Right of Familial Association, Companionship, and Society

88.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE's constitutionally-protected right of familial association, companionship, and society with their mother, in violation of their Fourteenth Amendment rights protected by the U.S. Constitution and art. I, § 7(a) of the California Constitution.

89.     Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants CHARLES W. LAIR and MARY BARKER.

90.     Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE.

91.     As a direct and proximate result of Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE suffered injuries entitling them to receive compensatory and punitive damages and statutory penalties against Defendants CHARLES W. LAIR and MARY BARKER.

Right of Association, Companionship, and Society

92.     Defendants CHARLES W. LAIR and MARY BARKER, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against MYRA L. MICALIZIO, in violation of her rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution and art. I, § 13 of the California Constitution, recklessly or with deliberate indifference interfering with Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI

17

1  MCKELVIE's constitutionally-protected right of association, companionship, and society with their

2  mother, in violation of their First and Fourteenth Amendment rights protected by the U.S. Constitution

3  and art. I, §§ 1 and 7(a) of the California Constitution.

4        93.    Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are

5  indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately

6  caused by acts or omissions of their employees acting within the scope of their employment, including

7  Defendants CHARLES W. LAIR and MARY BARKER.

8        94.    Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions

9  constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs LISA RUTLEDGE,

10  SEAN MCKELVIE, and HALI MCKELVIE.

11        95.    As a direct and proximate result of Defendants CHARLES W. LAIR and MARY

12  BARKER's actions and inactions, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI

13  MCKELVIE suffered injuries entitling them to receive compensatory and punitive damages and statutory

14  penalties against Defendants CHARLES W. LAIR and MARY BARKER.

15        WHEREFORE, Plaintiffs ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN

16  MCKELVIE, and HALI MCKELVIE pray for relief as hereunder appears.

## SEVENTH CLAIM

### Assault/Battery

### (Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))

20        96.    The Seventh Claim is asserted by Plaintiff ESTATE OF MYRA L. MICALIZIO against

21  Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, CHARLES W. LAIR, and

22  MARY BARKER.

23        97.    Plaintiff ESTATE OF MYRA L. MICALIZIO realleges and incorporates the allegations

24  of the preceding paragraphs 1 to 37, to the extent relevant, as if fully set forth in this Claim.

25        98.    Defendants CHARLES W. LAIR and MARY BARKER intentionally touched MYRA L.

26  MICALIZIO, without consent, and that touching constituted use of excessive and unreasonable force.

27        99.    Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are

28  indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately

1   caused by acts or omissions of their employees acting within the scope of their employment, including

2   Defendants CHARLES W. LAIR and MARY BARKER.

3       100.   Defendants CHARLES W. LAIR and MARY BARKER's actions and inactions

4   constituted oppression, fraud, and/or malice resulting in great harm to MYRA L. MICALIZIO.

5       101.   As a direct and proximate result of Defendants CHARLES W. LAIR and MARY

6   BARKER's actions and inactions, Plaintiff ESTATE OF MYRA L. MICALIZIO suffered injuries

7   entitling it to receive compensatory damages against Defendants COUNTY OF BUTTE, BUTTE

8   COUNTY SHERIFF'S OFFICE, CHARLES W. LAIR, and MARY BARKER, and punitive damages

9   against Defendants CHARLES W. LAIR and MARY BARKER.

10       WHEREFORE, Plaintiff ESTATE OF MYRA L. MICALIZIO prays for relief as hereunder

11   appears.

12   ### EIGHTH CLAIM

13   **Negligence**

14   **(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

15       102.   The Eighth Claim is asserted by Plaintiff ESTATE OF MYRA L. MICALIZIO against

16   Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA,

17   CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

18       103.   Plaintiff ESTATE OF MYRA L. MICALIZIO realleges and incorporates the allegations

19   of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

20       104.   Defendants CHARLES W. LAIR and MARY BARKER owed MYRA L. MICALIZIO a

21   duty of care and breached that duty by using excessive and unreasonable force against MYRA L.

22   MICALIZIO, employing improper tactical conduct, and making improper decisions preceding the use of

23   excessive and unreasonable force.

24       105.   Defendants KORY L. HONEA and DOE 1 to 20 owed MYRA L. MICALIZIO a duty of

25   care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants

26   CHARLES W. LAIR and MARY BARKER, who were incompetent or unfit, and where Defendants

27   KORY L. HONEA and DOE 1 to 20 knew or should have known that hiring, retaining, and failing to

28   adequately train and supervise Defendants CHARLES W. LAIR and MARY BARKER created a

19

1     particular risk or hazard that injured MYRA L. MICALIZIO.

2     106.     Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are

3 indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately

4 caused by acts or omissions of their employees acting within the scope of their employment, including

5 Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

6     107.     Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to

7 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to MYRA

8 L. MICALIZIO.

9     108.     As a direct and proximate result of Defendants KORY L. HONEA, CHARLES W. LAIR,

10 MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiff ESTATE OF MYRA L.

11 MICALIZIO suffered injuries entitling it to receive compensatory damages against Defendants

12 COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W.

13 LAIR, MARY BARKER, and DOE 1 to 20, and punitive damages against Defendants KORY L.

14 HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

15     WHEREFORE, Plaintiff ESTATE OF MYRA L. MICALIZIO prays for relief as hereunder

16 appears.

17 **<u>NINTH CLAIM</u>**

18 **Wrongful Death**

19 **(Cal. Code Civ. Proc. § 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

20     109.     The Ninth Claim is asserted by Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and

21 HALI MCKELVIE against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S

22 OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

23     110.     Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE reallege and

24 incorporate the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth

25 in this Claim.

26     111.     Defendants CHARLES W. LAIR and MARY BARKER owed Plaintiffs LISA

27 RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE a duty of care and breached that duty by

28 using excessive and unreasonable force against MYRA L. MICALIZIO, employing improper tactical

20

conduct, and making improper decisions preceding the use of excessive and unreasonable force, causing the death of MYRA L. MICALIZIO.

112.   Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 owed Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants CHARLES W. LAIR and MARY BARKER, who were incompetent or unfit, and where Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, and DOE 1 to 20 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants CHARLES W. LAIR and MARY BARKER created a particular risk or hazard that caused MYRA L. MICALIZIO's death.

113.   Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

114.   Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE.

115.   As a direct and proximate result of Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20's actions and inactions, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, and punitive damages against Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20.

WHEREFORE, Plaintiffs LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE pray for relief as hereunder appears.

**COMMENT; DEMAND FOR JURY TRIAL**
*Estate of Micalizio v. County of Butte*, United States District Court, Eastern District of California, Case No. _____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE seek Judgment as follows:

1.    For an award of compensatory, general, and special damages against Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants KORY L. HONEA, CHARLES W. LAIR, MARY BARKER, and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.    For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 20, 2018                          Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:      (916) 443-6911
    Facsimile:      (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF MYRA L. MICALIZIO,
    LISA RUTLEDGE, SEAN MCKELVIE,
    and HALI MCKELVIE

22

1

## JURY TRIAL DEMAND

2      A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF MYRA L. MICALIZIO,

3  LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE.

4  Dated: July 20, 2018                          Respectfully Submitted,

5

6

7                                               By: _____

8                                                   Mark E. Merin
                                                    Paul H. Masuhara
9                                                   LAW OFFICE OF MARK E. MERIN
                                                    1010 F Street, Suite 300
10                                                  Sacramento, California 95814
                                                    Telephone:      (916) 443-6911
11                                                  Facsimile:      (916) 447-8336

12                                                  Attorneys for Plaintiffs
                                                    ESTATE OF MYRA L. MICALIZIO,
13                                                  LISA RUTLEDGE, SEAN MCKELVIE,
                                                    and HALI MCKELVIE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28