# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MYRA L. MICALIZIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF BUTTE, et al., <br><br> Defendants. | No. 2:18-CV-2005-MCE-DMC <br><br><br> ORDER |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the court is plaintiff Estate of Myra L. Micalizio's motion to compel responses to requests for production of documents (Doc. 13). The parties appeared for argument on the motion on January 9, 2019, at 10:00 a.m. before the undersigned in Redding, California. Mark Merin, Esq., and Paul Masuhara, Esq., appeared for plaintiff. William Camy, Esq., appeared for defendants. After considering the argument of the parties and conducting an in camera review of documents, the matter was submitted.

At issue is the production of three Internal Affairs investigation reports concerning defendant Lair, Nos. 15-003 (for alleges use of excessive force), 18-004 (for alleged use of excessive force), and 18-024 (relating to social media posts). Defendants maintain they have been willing to produce the requested discovery if plaintiff agrees to the terms of a stipulated

1

protective order (see Doc. 14-9, Exhibit 5 to Mr. Camy's declaration submitted with the parties' joint statement). Plaintiff maintains a protective order is not warranted. Notably, defendants never moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c) before the deadline to produce the requested documents. In light of defendants' continued refusal to produce documents absent a stipulated protective order, plaintiff brought the instant motion to compel production of documents.

Having reviewed the discovery at issue in camera, and having considered the arguments of the parties, the court finds plaintiff is entitled to the two Internal Affairs investigation reports relating to alleged used of excessive force by defendant Lair (Nos. 15-003 and 18-004). Plaintiff's motion to compel will be granted as to these two documents. As to the third document, an Internal Affairs investigation report relating to social media posts (No. 18-024), the court finds the document to be irrelevant and, therefore, plaintiff's motion will be denied as to this document. Upon announcing this ruling from the bench at the January 9, 2019, hearing, plaintiff's counsel offered, in the spirit of cooperation and good faith, to execute the proposed protective order sought by defendants, though plaintiff maintains such an order is not strictly necessary and though defendants never formally moved for such an order prior to the deadline to produce the discovery at issue.

As to an award of reasonable expenses under Federal Rule of Civil Procedure 37(a)(5), upon further consideration of the matter the court finds defendants' objection to plaintiff's request is partially well-taken. Because plaintiff's motion is granted in part and denied in part, Rule 37(a)(5)(C) governs and permits the court to apportion costs. The court will do so here under this rule and reduce plaintiff's request by 50% because, of the four items at issue – the three discovery items as well as the protective order – plaintiff has prevailed on two items and defendants have prevailed on two items.

The court does not agree with defendants, however, that plaintiff is not a prevailing party under Rule 37(a)(5) because plaintiff obtained nothing more than defendants had offered in the first place. Specifically, while plaintiff ultimately agreed to the protective order sought by defendants, plaintiff only did so only after plaintiff brought the instant motion, and

after the court announced its decision from the bench as to the Internal Affairs investigation reports relating to alleged use of excessive force. The court notes there is a difference between resisting being coerced into stipulating to a protective order and volunteering a protective order in the spirit of cooperation following an adverse ruling. Had defendants timely sought a protective order, that issue could have been litigated and resolved and potentially have obviated the need for plaintiff to bring the instant motion to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 13) is granted in part and denied in part;

2. Within ten days of the date of this order, defendants shall produce the two Internal Affairs investigation reports relating to alleged use of excessive force by defendant Lair;

3. Plaintiff's motion is denied as to the Internal Affairs investigation report related to social medial posts by defendant Lair;

4. Within ten days of the date of this order, the parties shall execute and submit to the court for final approval the stipulated protective order at Exhibit 5 to Mr. Camy's declaration; and

5. Within ten days of the date of this order, defendants shall pay to plaintiff reasonable expenses in the amount of $2,115.00.

Dated: January 11, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE