**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
William E. Camy, SBN 291397
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorney for Defendants, COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, and MARY BARKER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MYRA L. MICALIZIO, LISA RUTLEDGE, SEAN MCKELVIE, and HALI MCKELVIE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, and MARY BARKER,<br><br>Defendants.<br>_____/ | Case No.: 2:18-cv-02005-MCE-DMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 07/20/18 |

Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, CHARLES W. LAIR, and MARY BARKER ("Defendants")[1] in good faith believe that the documents identified in this Stipulated Protective Order contain information that is subject to protection pursuant to Fed. R. Civ. P. 26(c).

---

[1] The Court's Order on Plaintiff's Motion to Compel, dated January 14, 2019, states: "Within ten days of the date of this order, the parties shall execute and submit to the court for final approval the stipulated protective order at Exhibit 5 to Mr. Camy's declaration." (Dckt. No. 16, 3:13-15.) The parties further revised the version of the SPO that was submitted as Exhibit 5 before submitting it to the Court to reflect changes the parties agreed to that were unrelated to the Court's Order on Plaintiff's Motion to Compel.

{01956904.DOCX}　　　　　　　　　　　　　　1
**STIPULATED PROTECTIVE ORDER**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**STIPULATION AND PROTECTIVE ORDER**

The Defendants take the position that the following documents are subject to protection pursuant to Fed. R. Civ. P. 26(c):

1. Internal Affairs Investigation No. 15-003 for Deputy Lair relating to alleged excessive use-of-force [COB 000579-609];

2. Internal Affairs Investigation No. 18-004 for Deputy Lair relating to alleged excessive use-of-force [COB 000613-724, 954-958];

3. Supervisor Inquiry No. 12-019 for Deputy Lair relating to alleged use of rude and profane language [COB 000732 – 000795];

4. Document from Deputy Barker's Personnel File related to a banking direct deposit [COB 000526];

5. Deputy Baker's performance evaluations [COB 000530-43];

6. Deputy Lair's performance evaluations [COB 000544-78]; and

7. Summary results of Deputy Lair's October 2018 psychiatric [COB 000610-12].

**A.  DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order, bates stamped as indicated above.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as

authorized by further order of the Court.

4. "Defendants" shall mean County of Butte, Butte County Sheriff's Office, Sheriff Kory Honea, Deputy Charles Lair, and Deputy Mary Barker.

5. "Plaintiffs" shall mean Estate of Myra Micalizio, Lisa Rutledge, Sean McKelvie, and Hali McKelvie.

6. "Parties" shall mean Plaintiffs and Defendants, identified above.

**B.  TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the Confidential Documents may be designated as "Confidential" by the *Defendants* and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the civil case Estate of Myra Micalizio, et al. v. County of Butte, et al., CASE NO.: 2:18-cv-02005-MCE-DMC (USDC EDCA) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. Defendants will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

(a) Mark Merin and Paul Masuhara of THE LAW OFFICE OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiffs in the case enumerated above;

(b) Stephen E. Horan and William E. Camy of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

(c) Bruce S. Alpert and Brad J. Stephens of Butte County Counsel, and any attorneys in that office, as counsel for Defendants in the case enumerated above;

(d) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a), (b) and (c) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(e) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(f) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

(g) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(h) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

8. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

9. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

10. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial,

{01956904.DOCX}  5
**STIPULATED PROTECTIVE ORDER**

settlement, or dismissal of the Action with prejudice for any other reason.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Date: February 5, 2019                      PORTER | SCOTT
A PROFESSIONAL CORPORATION

By  */s/ William E. Camy*
    Stephen E. Horan
    William E. Camy
    Attorneys for Defendants

Dated: February 5, 2019                 LAW OFFICE OF MARK E. MERIN

By  */s/ Paul Masuhara – as authorized on 1/23/19*
    Mark E. Merin
    Paul Masuhara
    Attorney for Plaintiff

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

{01956904.DOCX}        6
**STIPULATED PROTECTIVE ORDER**

**ORDER**

Pursuant to the Parties' Stipulation (ECF No. 18), the above Proposed Protective Order is hereby APPROVED.

IT IS SO ORDERED.

Dated: February 5, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE